IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DONALD LOVE | ) | Bankruptcy Case No. |
| | ) | 05-23129 |
| Debtor. | ) | |
| | ) | |
| T.K., a minor, | ) | |
| by D.M., as next friend, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 06-02019 |
| | ) | |
| DONALD LOVE | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This adversary comes before the Court on the Motion for Summary Judgment filed by T.K., a minor, by D.M., as next friend ("Plaintiff"), against Donald Love ("Debtor"), for a determination of dischargeability under 11 U.S.C. § 523(a)(6), of any damages that Plaintiff obtains for the willful and malicious injury caused by Debtor. In support of the Motion for Summary Judgment, Plaintiff relies on the guilty verdict filed in Debtor's criminal case, which is outlined in the Order and Judgment dated March 28, 2003 and affirmed in the appellate opinion dated June 28, 2004, for acts of sexual misconduct against Plaintiff. This is a core proceedings under 28 U.S.C. §157(b)(2)(I) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a) and (b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Court finds that any damages Plaintiff obtains against Debtor for his sexual molestation of her are nondischargeable pursuant to § 523(a)(6) and grants Plaintiff's Motion for Summary Judgment.

### I.  STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Bankruptcy Procedure 7056( c), applying Federal Rule of Civil Procedure 56 ( c), provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986).  The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970).  Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial, and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  "A 'genuine issue' in the context of a motion for summary judgment is not simply a 'metaphysical doubt as to the material facts'." *Id*. Rather, "a genuine issue exists when the evidence is such that a reasonable fact finder could find for the non-movant." *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir.1994).  When reviewing the record for summary judgment, the court is required to draw all reasonable inferences in favor of the non-movant; however, the court is "not required to draw every conceivable inference from the record-only those inferences that are reasonable." *Bank Leumi Le-isreal, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir.1991).

## II.  FACTUAL BACKGROUND

On December 14, 2001, Debtor, while acting as Santa Claus at the Stonecrest Mall in Osage Beach, Missouri, did purposely subject Plaintiff to sexual contact by rubbing his had against Plaintiff's crotch area while Plaintiff was sitting on his lap.  Plaintiff was seven years old at the time of the incident.  Debtor was charged and convicted in the Circuit Court of Laclede County, Missouri of violating § 566.090 RSMo.  Section 566.090 states:

> A person commits the crime of sexual misconduct in the first degree if he has deviate sexual intercourse with another person of the same sex or he purposely subjects another person to sexual contact or engages in conduct which could constitute sexual contact except that the touching occurs through the clothing without the person's consent.

Mo.Rev.Stat. § 566.090.1.   Sexual contact is defined as:

> . . . any touching of another person with the genitals or any touching of the genitals or anus of another person or the breast of a female person, for the purpose of arousing or gratifying sexual desire of any person.

Mo.Rev.Stat. § 566.010(3).  After a contested hearing to the bench, where Debtor was represented by an attorney, Debtor was convicted of Sexual Misconduct in the First Degree against Plaintiff and three other children[1].   Debtor appealed the conviction and it was affirmed, as to three of the sexually molested children, including Plaintiff, in *State v. Love,* 134 S.W.3d 719 (Mo.App.S.D.2004)[2].

Plaintiff filed an adversary proceeding against Debtor pursuant to 11 U.S.C. § 523(a)(6) for denial of discharge of any judgment which she may obtain against Debtor arising from his

---

[1] See Order and Judgment ("Order and Judgment"), attached as Exhibit F to Plaintiff's Motion for Summary Judgment.

[2] See Appeal from the Circuit Court of Laclede County, attached as Exhibit I to Plaintiff's Motion for Summary Judgment.

sexual molestation of her in December, 2001.

### III. DISCUSSION AND ANALYSIS

In this case, Plaintiff argues that the conviction rendered in the criminal case establishes that Debtor willfully and maliciously injured her, that the Order and Judgment collaterally estops Debtor from re-litigating any issue decided in that case and that no genuine issue of material fact, with regard to dischargeability under § 523(a)(6), remains for this Court to decide. Debtor contends that, although he was convicted of Sexual Misconduct in the First Degree, that his conviction only established that he touched Plaintiff for his own sexual gratification, that his intent was not an issue litigated in the criminal matter and that he did not intend to injure Plaintiff. Plaintiff's argument is that summary judgment is not proper, and collateral estoppel is not implicated, because the issue of his intent remains a genuine issue of material fact.

The Supreme Court has held that the doctrine of collateral estoppel is applicable in dischargeability proceedings. *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991). When determining whether collateral estoppel arises from a prior state court judgment, federal courts apply the law of the state in whose courts the prior judgment was entered. *Osborne v. Stage*, 321 B.R. 486, 493 (B.A.P. 8th Cir.2005)*; Factors v. Calvert (In re Calvert)*, 105 F.3d 315, 219 (6th Cir.1997)( holding that the Full Faith and Credit Statue directs federal court to refer to the preclusion law of the state in which the judgment was rendered); *Pahlavi v. Ansari (In re Ansari)*, 113 F.3d 17, 19 (4th Cir.1997).

Under Missouri law, collateral estoppel, also referred to as issue preclusion, has four elements: (1) the issue decided in the prior adjudication mirrors that in the present action; (2) the prior adjudication resulted in a final decision on the merits; (3) the party against whom collateral

estoppel may apply participated as a party or in privity with a party to the prior adjudication; and (4) the party against whom the doctrine may apply has had a full and fair opportunity to litigate the issue. *Galaxy Steel & Tube, Inc. v. Douglass Coal & Wrecking, Inc.*, 928 S.W.2d 420, 422 (Mo.Ct.App.1996). The party asserting collateral estoppel has the burden of establishing that all four elements are satisfied. *Johnson v. Miera*, 926 F.2d 741, 743 (8th Cir.1991) *citing Spilman v. Harley*, 656 F.2d 224, 229 (6th Cir.1981). When making the determination that an issue was actually litigated and was necessary to the decision in the prior proceeding, the court should examine the entire record of the earlier case. *Miera,* 926 F.2d at 743.

Here, the only element of collateral estoppel in question is whether the issue of "intent to harm," for purposes of § 523(a)(6), was decided in the criminal action against Debtor. Debtor argues that the criminal court's findings were based on a determination that Debtor touched Plaintiff's crotch area for the purpose of gratifying his own sexual desire, rather than an actual intent to harm Plaintiff. Debtor suggests that because the criminal court did not specifically find that he intended to harm Plaintiff, and because he affirmatively stated he did not intend to harm Plaintiff in his affidavit[3], that the issue of his intent remains a genuine issue of material fact for this Court to decide. Plaintiff contends that because the act of an adult sexually molesting a child is so abhorred in society, and that such an act is certain or substantially certain to cause a child harm, that the Court may infer an intent to harm.

Section 523(a)(6) of the Bankruptcy Code provides :

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt-

---

[3] See ¶ 6 of Debtor's affidavit, attached as Exhibit 1 to Debtor's Response to Plaintiff's Motion for Summary Judgment.

5

> . . .
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6).

Under § 523(a)(6), a debtor is not discharged of any debt for "willful and malicious injury" to another. *Johnson v. Fors*, 259 B.R. 131, 137 (B.A.P. 8th Cir.2001). In the Eighth Circuit, the terms "willful" and "malicious" are two distinct elements, each of which must be shown to establish an exception to discharge. *Fisher v. Scarborough (In re Scarborough)*, 171 F.3d 638, 640 (8th Cir. 1999).

### A. Willfullness

In *Barclays American/Bus. Credit Inc. v. Long (In re Long),* 774 F.2d 875, 881 (8th Cir.1985), the Eighth circuit defined "willfull" as "headstrong and knowing" conduct. The United States Supreme Court addressed the term "willful" for purposes of § 523(a)(6) and concluded that:

> The word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional act that leads to injury .... the (a)(6) formulation triggers in the lawyer's mind the category of "intentional torts," as distinguished from negligent or reckless torts.

*Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) affirming the Eighth Circuit's opinion in *Geiger v. Kawaauhau (In re Geiger)*, 113 F.3d 848, 852 (8th Cir.1997) (en banc) (debt cannot be exempt from discharge unless it is based on an intentional tort); *Adams v. Zentz*, 157 B.R. 141, 144 (Bankr.W.D.Mo.1993).

Debtor's touching of Plaintiff's crotch area, while she was sitting on his lap, was recorded on a video tape which was presented as evidence to the criminal court judge. The criminal court judge found the video tape convincing, found that Debtor purposely subjected

Plaintiff to sexual contact without Plaintiff's consent and convicted Debtor of Sexual Misconduct in the First Degree. That Debtor's actions were intentional and deliberate is buttressed by the fact that he was convicted of sexually molesting four children while working in the capacity as Santa Claus. There was nothing accidental or merely reckless about his actions. Therefore, although Debtor specifically does not contest the issue of "willfulness" in his response to the motion for summary judgment, the Court finds that Debtor acted willfully when he sexually molested Plaintiff.

### B. Maliciousness

Having determined that Debtor's actions were willful, the Court now turns to the question of whether they were also malicious. In order to have a meaning independent from willful, "...malice must apply only to conduct more culpable than that which is in reckless disregard of creditors' interests and expectancies." *Erickson v. Halverson (In re Halverson)*, 226 B.R. 22, 26 (Bankr. D. Minn.1998) *citing Long*, 774 F.2d at 881. "An injury is malicious when the debtor intended to harm the creditor at least in the sense that the debtor's tortious conduct was certain or almost certain to cause harm." *Stage*, 321 B.R. at 493 *citing Waugh v. Eldridge (In re Waugh)*, 95 F.3d 706, 711 (8th Cir.1996); *see also e.g., Miera* 926 F.2d at 743; *Long,* 774 F.2d at 881; *Mercury Marine Acceptance Corp. v. Wheeler (In re Wheeler)*, 96 B.R. 201, 205 (Bankr.W.D.Mo.1988); *Cassidy v. Minihan*, 52 B.R. 947, 950 (W.D.Mo. 1985). "Malicious for purposes of § 523(a)(6) means that the debtor targeted the creditor to suffer the harm resulting from the debtor's intentional, tortious act." *Halverson*, 226 B.R. at 26. "A wrongful act is malicious if...there exists a 'knowing wrongfulness or knowing disregard of the rights of another'." *Fors*, 259 B.R. at 137 *citing Erickson v. Roehrich (In re Roehrich)*, 169 B.R. 941, 945

(Bankr.D.N.D.1994).

Debtor asked the Court to engage in a subjective analysis of intent.  He states in his affidavit that he "never touched Plaintiff with any intent to cause Plaintiff harm."[4]  He argues that, based on his affidavit regarding his lack of intent to harm Plaintiff, summary judgment is not proper and the issue of intent is ripe for trial.  This Court disagrees.  The pleadings, affidavits and exhibits on file may not demonstrate that the state court necessarily decided that Debtor intended to cause injury to Plaintiff or independently establish that fact.  However, "an act may be found to be malicious even in the absence of a specific, subjective intent to injure."  *Fors*, 259 B.R. at 137; *see also Halverson*, 226 B.R. at 30.  In assessing whether intentional harm has been established, the Court may consider "the likelihood of harm in an objective sense."  *Long*, 774 F.2d at 881; *Halverson*, 226 B.R. at 26.  In *Miera*, the United States Court of Appeals in the Eighth Circuit affirmed the proposition that "malice, or intent to harm, in a sexual intentional tort is self-evident, either because the tortfeasor knows his conduct is certain or almost certain to cause harm, or because he should know and therefore the intent is inferred as a matter of law."  *Halverson*, 226 B.R. at 30 *citing Miera* 926 F.2d at 743.  As discussed below, intent to harm is established as a result of Debtor's conviction because, given the nature of the crime, the conviction either establishes that the Debtor knew that his conduct was certain or almost certain to cause harm or permits the Court to infer harm as a matter of law.  Accordingly, Debtor cannot defeat a finding of malice simply by asserting in an affidavit that he did not intend to harm Plaintiff.

---

[4]  See ¶ 6 of Debtor's affidavit, attached as Exhibit 1 to Debtor's Response to Plaintiff's Motion for Summary Judgment.

The Missouri Supreme Court has not decided the issue of whether, as a matter of law, intent to harm may be inferred in a case of sexual molestation of a minor. However, in *B.B. v. Continental Insurance Co.*, the Eighth Circuit opined that the highest court in Missouri would likely adopt the inferred-intent standard, rather than the subjective standard, in cases of sexual molestation of a minor. *B.B. v. Continental Ins. Co.*, 8 F.3d 1288 (1993). In its analysis, the *B.B.* Court noted that there is a unanimous consensus among other state jurisdictions which have held that in cases of sexual molestation or abuse of a minor, the harm resulting to the child was intended as a matter of law and a subjective test of intention is irrelevant.[5] *B.B., 8 F.3d at 1292-1294; see also e.g.Mid-Century Insurance Co. v. L.D.G.*, 835 S.W.2d 436, 439 (Mo.Ct. App. W.D.1992) (concurring opinion); *Allstate Ins. Co. v. Mugavero,* 589 N.E.2d 365 (1992) (Harm to sexually molested children was inherent in the nature of the acts and whatever injuries resulted were, as a matter of law, intentionally caused.); *J.C. Penney Cas. Ins. Co. v. M.K.*, 804 P.2d 689, 698 (1991) ("Some acts are so inherently harmful that the intent to commit the act and the intent to harm are one and the same. The act is the harm.") "The rationale behind the inferred-intent standard is based on the inherently harmful nature of child molestation." *B.B.*, 8 F.3d at 1293 *citing Wiley v. State Farm Fire & Casualty Co.*, 995 F.2d 457, 461 (3rd Cir.1993). Courts have held that "...acts of sexual molestation against a minor are so certain to result in injury to that minor that the law will infer an intent to injure on behalf of the actor without regard to his ... claimed intent." *B.B.*, 8 F.3d at 1293.

---

[5] The *B.B.* Court lists 34 states which have adopted the inferred-intent standard when faced with the issue of sexual molestation of a child. The Court also noted that five of the states which initially adopted a subjective standard with respect to cases involving sexual molestation of a minor have since adopted the majority approach of inferring an intent to harm as a matter of law. *B.B.*, 8 F.3d at 1293.

The purpose of § 523(a)(6) is to prevent a debtor who has intentionally harmed a creditor from discharging any debt resulting from such conduct. There appears no reason why the inferred-intent standard, applicable to sexual misconduct against minors in other settings, should not also apply in bankruptcy. *See Olson v. Christensen (In re Christensen)*, 2005 WL 1388981 (Banrk. D.N.D.2005) (Debtor's sexual molestation of minor plaintiff satisfies the malicious component of § 523(a)(6) because his conduct was inherently injurious and targeted at the plainitff.); *Henderson v. Woolley (In re Woolley)*, 288 B.R. 294, 302 (Bankr. S.D.GA.2001); *Halverson*, 226 B.R. at 31. "Congress provided § 523(a)(6) to avoid discharging debts for morally repugnant debtor conduct (malicious intentional torts), and sexual contact with children appears to be a category of conduct defined across jurisdictions to inherently encompass malice." *Halverson*, 226 B.R. at 31. The only plausible inference regarding Debtor's intent is that he knew or should have known, that his sexual molestation of Plaintiff, who was seven years old and engaged in the age-old tradition of visiting Santa Claus prior to Christmas Day, would cause her harm. "It defies human response and sensitivity to conclude that the inevitable product of the sexual molestation of a child is not intended." *Woolley*, 288 B.R. at 302. Debtor's actions were malicious in that they were inherently injurious and targeted at Plaintiff.

Therefore, no genuine issue of material fact as to any element of willful or malicious injury remains to be decided with respect to dischargeability under § 523(a)(6), and Plaintiff is entitled to judgment as a matter of law.

## IV. CONCLUSION AND ORDER

For all the reasons cited above, any damages that Plaintiff obtains against Debtor, for his sexual molestation of her on December 14, 2001, are nondischargeabile pursuant to 11 U.S.C. §

523(a)(6) and Plaintiff's Motion for Summary Judgment is granted.

A separate Order will be entered in accordance with Bankruptcy Rule 9021.

Dated:      August 10, 2006           /s/ Dennis R. Dow
                                      THE HONORABLE DENNIS R. DOW
                                      UNITED STATES BANKRUPTCY JUDGE

Copies to:
Noel Magee
John C. Reed